UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

Case No.   CR 06-60011-AA
           CR 06-60071-AA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

KENDALL TANKERSLEY,

Defendant.

# KENDALL TANKERSLEY'S STATEMENT OF POSITION AS TO APPLICABILITY OF TERRORISM ENHANCEMENT IN GUIDELINES CALCULATION

Kendall Tankersley ("Tankersley"), through counsel, submits this statement of position concerning the applicability of the terrorism enhancement to the Guidelines computation, which enhancement the government contends is applicable to all defendants in the arson cases pending before the Court.

1.  **Introduction**

Defendant Meyerhoff is currently scheduled to be sentenced on May 22, 2007. Pursuant to the Court's order, counsel for all defendants are scheduled to argue the issue of the applicability of the terrorism enhancement on May 15, 2007.

The government takes the position that the terrorism enhancement applies to each and every defendant in the pending arson cases. For the reasons set forth below,

Tankersley states that the enhancement does not apply to her, even if it were applicable to one or more of the other defendants.

## 2. The Draconian Impact of the Terrorism Enhancement

Sentencing Guideline 3A1.4, the so-called domestic terrorism enhancement, applies to enumerated felonies that additionally involved or were intended to promote a "federal crime of terrorism," as defined by statute. 18 U.S.C. § 2332b(g)(5)(A). Conspiracy under 18 U.S.C. § 371 is ***not*** among the offenses which can constitute a federal crime of terrorism; arson, as prohibited by 18 U.S.C. § 844(i), is among the statutes which ***may*** under certain circumstances constitute a federal crime of terrorism. Tankersley has entered pleas of guilty to two violations of § 844(i) in Counts 2 and 3 of the information.

When the terrorism enhancement is applied, its effect on calculation of a Guidelines sentence is profound. First, the offense level for the crime of conviction is increased by 12 levels; whereas a violation of § 844(i) is ordinarily a level 20 offense, the offense is elevated to a level 32 offense because of the enhancement. Second, and much more significantly, the enhancement requires that the defendant's criminal history category be designated as level VI. Thus, even for a person with no prior criminal history at all, she will be treated as if she were a career criminal who had suffered numerous prior convictions, and had acquired 13 or more criminal history points.

The effect of the dual penalties created by the application of this terrorist adjustment flies in the face of the logic that supposedly attended the original creation of the Sentencing Guidelines: that is, that a defendant's sentence should reflect both the gravity of the crime of conviction and also her prior personal history. Though there is a paucity of case law in the Ninth Circuit and elsewhere concerning the domestic terrorism enhancement, courts have recognized that the result of the enhancement will often be an excessive sentence when measured against the actual conduct of the accused and the history of the defendant. *See United States v. Mandhai*, 375 F.3d 1243, 1249 (11th Cir. 2004) (sentence of 188 to 235 months based on terrorism enhancement was excessive for crime of conspiring to destroy buildings affecting interstate commerce).

### 3. Defendant's Conduct Does Not Meet the Requirements of the Terrorism Enhancement

As noted above, a violation of § 844(i) ***may*** be an offense constituting a federal crime of terrorism, as this variety of arson is among the violations enumerated in 18 U.S.C. § 2332b(g)(5)(B). However, pursuant to 18 U.S.C. § 2332b(g)(5)(A), the enhancement can only be applied if it is additionally established that the defendant's offense of conviction

> is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct.

Among the many offenses committed by one or more of the conspirators in these arson cases are crimes which may well satisfy this "government influence" element;

3

arsons involving Forest Service property, for example, *__may__* satisfy the statute. Tankersley's offenses, by contrast, have no government nexus and no inherent "government influence" component. As set forth in Counts 2 and 3 of the information, the only substantive offenses charged against her were offenses against a private business, which was not connected with the government in any way. Tankersley does not argue that property of U.S. Forest Services, Inc. did not affect interstate commerce; however, that fact only serves to establish the second prong necessary for a "federal crime of terrorism," that is, that all the elements of § 844(i), an enumerated crime under the statute, were met.

It should also be noted that § 2332b does *__not__* make an arson of government property, absent an actual risk of injury or death to a person, a crime to which the terrorism enhancement might apply.[1] There would seem little justification for a Guidelines scheme to punish more profoundly an arson involving private property affecting interstate commerce than it does an arson involving government property. Such an arbitrary and unequal application of the Sentencing Guidelines could well constitute a violation of due process of law to persons such as Tankersley, who has never been accused of an arson involving government property.

---

[1] As to arson of government property, only violations of § 844(f)(2) and (3), involving an established risk of personal injury or actual death, may constitute a "federal crime of terrorism" in violation of § 2332(b)(g)(5).

4

Additionally, the limited case law that does exist supports the premise that the terrorism enhancement cannot be applied absent proof that the defendant's own conduct, or her proven motivation for the acts that she actually performed, was to promote a "federal crime of terrorism." Absent such proof, the enhancement is inapplicable to her and cannot be used. *See United States v. Graham*, 275 F.3d 490 (6th Cir. 2001) (record must support by a preponderance of the evidence a court's determination that a defendant intended to promote a specific "federal crime of terrorism" to justify the terrorism enhancement); *Mandhai, supra* at 1248 (it is the defendant's purpose that is relevant, and only if that purpose is to promote a terrorism crime is the enhancement triggered); *United States v. DeAmaris*, 406 F.Supp.2d 748 (S.D. Tx. 2005) (defendant's offenses must be calculated to influence or affect the government of the United States or another country in order to trigger the enhancement).

### 4. Conclusion

Whatever decision the Court makes as to the applicability of the terrorism enhancement to Meyerhoff or other defendants has nothing to do with the Court's decision as to Tankersley. Even the omnibus conspiracy count in this case on its face concedes that only "certain of the defendants" targeted property of the United States; implicit in the charging document itself is that others targeted only private property, without an inherent government nexus or objective. Tankersley is one of those others.

Before the Court can apply the terrorism enhancement to Tankersley, it must conclude that the evidence presented at her sentencing establishes ***as a fact*** that the purpose of her violations of § 844(i), involving only private property, was to influence or affect the government by intimidation or coercion or to retaliate against government conduct. 18 U.S.C. §2332b(g)(5)(A). Absent such proof, the enhancement does not apply to her.

Dated:     April 16, 2007

> HADDON, MORGAN, MUELLER, JORDAN,
> MACKEY & FOREMAN, P.C.
>
> _____
> Lee D. Foreman
> 150 East 10th Avenue
> Denver, CO 80203
> Telephone: (303) 831-7364
> Facsimile: (303) 832-1015
>
> McCREA P.C.
> Shaun S. McCrea
> 1147 High Street
> Eugene, OR 97401-3270
> Telephone: (541) 485-1182
> Facsimile: (541) 485-6847
>
> *Attorneys for Kendall Tankersley*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via efiling on April 17, 2007 to the following:

Kelly R. Beckley (kbeckley@beckleyandlongtin,com; tanya@beckleyandlongtin.com)
Marc D. Blackman (marc@ransomblackman.com; pat@ransomblackman.com)
Patrick J. Ehlers (patrick_ehlers@fd.org; suzanne_manning@fd.org)
Kirk A. Engdall (kirk.engdall@usdoj.gov; trudylee.fleming@usdoj.gov)
Daniel L. Feiner (dan@danfeiner.com)
Richard L. Fredericks (rlfred@comcast.net)
Marc P. Friedman (mpfriedma@yahoo.com)
Kimberly N. Gordon (gordon@sgb-law.com; crabtree@sgb-law.com)
John Joseph Kolego (johnkolego@yahoo.com)
Amanda E. Lee (lee@sgb-law.com; crabtree@sgb-law.com)
Stephen F. Peifer (steve.peifer@usdoj.gov; beth.gunderson@usdoj.gov)
John C. Ray (john.ray@usdoj.gov; marti.mills@usdoj.gov)
L. Song Richardson (richardson@sgb-law.com; crabtree@sgb-law.com)
Jeffrey P. Robinson (robinson@sgb-law.com; crabtree@sgb-law.com)
Craig E. Weinerman (craig_weinerman@fd.org; lori_errecart@fd.org)
Terri Wood (twood@callatg.com)