IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

KENDALL TANKERSLEY,

        Defendant.

No. CR 06-60071-01-AA

OPINION AND ORDER

Aiken, Judge:

    On May 31, 2007 defendant was sentenced to a 46-month term of imprisonment based on her convictions for conspiracy to commit arson and the destruction of an energy facility in violation of 18 U.S.C. § 371 and arson and attempted arson of property used in or affecting interstate commerce in violation of 18 U.S.C. § 844(i).

    Defendant now moves under Federal Rule of Criminal Procedure 35(a) to correct sentence, or alternatively, to reopen her sentencing hearing. Defendant argues that she was not given notice that the court was contemplating an upward departure of 12 levels

1    - OPINION AND ORDER

under U.S.S.G. § 5K2.0. Defendant maintains that the failure to provide notice is clear error, and that the court should either reduce defendant's offense level by 12 levels or reopen the sentencing hearing and permit argument why an upward departure is inappropriate in this case.

Federal Rule of Criminal Procedure 32(h) provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

In its sentencing memorandum and during oral argument on May 15, 2007, the government argued that the terrorism enhancement under U.S.S.G. § 3A1.4 applied to defendant and all of her co-conspirators. The government also argued that the court could impose an upward departure under § 3A1.4, Application Note 4 if the court found that the terrorism enhancement under § 3A1.4 did not apply. Government's Sentencing Memorandum, pp. 71-72. Notably, Application Note 4 authorizes an upward departure if the defendant's "motive was to intimidate or coerce a civilian population, rather than to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." Alternatively, the government argued that the court could depart upward on the same grounds under § 5K2.0. Government's Sentencing Memorandum, pp. 72-73.

2   - OPINION AND ORDER

In the Memorandum Opinion dated May 21, 2007, I found that the government could not rely on Application Note 4 of § 3A1.4 to support an upward adjustment based on coercion or intimidation of a civilian population, because the plea agreements provided that the 2000 version of the Sentencing Guidelines would apply and Application Note 4 did not become effective until November 1, 2002. However, I then stated:

> As noted by the government, the court may depart from the applicable Guideline range if it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0 (policy statement) (quoting 18 U.S.C. § 3553(b)).

Although the magic word "notice" was not used, it was my intent to give defendants notice that I would consider an upward departure under U.S.S.G. § 5K2.0 in lieu of Application Note 4. Given the context of the government's briefing and oral argument and the court's Memorandum Opinion, defendant should have been aware that I was contemplating an upward departure based on defendants' intent to affect, influence, or retaliate against the conduct of private individuals or corporations through their acts of arson.

Regardless, given that judgment has not been entered and defendant has not yet self-surrendered, defendant's motion to reopen the sentencing proceedings is granted for the limited purposes of presenting argument as to whether an upward departure under § 5K2.0 is warranted or appropriate in this case.

3   - OPINION AND ORDER

CONCLUSION

Defendant's Amended Motion to Correct Sentence or to Reopen Sentencing Hearing (doc. 26) is GRANTED, in part. Defendant's sentencing hearing is reopened and continued to August 3, 2007 at 1:30 p.m. as set forth above.

DATED this 26 day of July, 2007.

_____
Ann Aiken
United States District Judge

4   - OPINION AND ORDER